Lieneman v. Crown Auto Livery, 209 Ill. App. 453.

the name of the society, does not constitute the contract an oral one.

2.  LIMITATION OF ACTIONS, § 11*—*what is test in determining whether ten or five-year statute applies as to contract.* In ascertaining whether the ten or five-year Statute of Limitations is applicable in an action on a contract, the test is whether the contract sued on was in writing or oral, and if the promise is in fact, oral, it is immaterial that it arose in the first instance out of a written contract.

3.  LIMITATION OF ACTIONS, § 12*—*when contract oral and governed by five-year statute.* An action to recover purchase money paid under a contract which contains no specific promise to return the purchase money, rests upon an implied promise which, being oral, is governed by the five-year limitation.

4.  APPEAL AND ERROR, § 1236*—*when not considered on appeal that damages were assessed on theory that action was for return of purchase money.* Where the statement of claim does not clearly state the breach of contract relied on, but does not purport to be for the return of purchase money paid thereunder, and defendant does not seek a better statement and no propositions of law are submitted, and the damages assessed, though equivalent to the amount paid in by plaintiff, are also the amount which, prima facie, he was entitled to recover as damages for the breach, it will not be held on appeal that the damages were assessed on the theory that the action was for the return of the purchase money.

---

# Elizabeth Lieneman, Defendant in Error, v. Crown Auto Livery, Plaintiff in Error.

## Gen. No. 23,080.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed January 31, 1918.

### Statement of the Case.

Action by Elizabeth Lieneman, plaintiff, against Crown Auto Livery, a corporation, defendant. To re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

verse a judgment for plaintiff, defendant prosecutes this writ of error.

F. J. KARASEK and P. B. LEVITON, for plaintiff in error.

H. E. WYNEKOOP, for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 1744*—*when judgment affirmed.* Where the motion of defendant in error to strike the bill of exceptions is granted and the only errors assigned and argued relate to the matters preserved by the bill, the judgment of the trial court will be affirmed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.